IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVE HERBERT SPECKMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-107-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Steve Herbert Speckman, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On July 12, 2004, in the 372nd District Court, Tarrant County, Texas, Case No. 0861282D, pursuant to a plea bargain agreement, Petitioner pleaded guilty to one count of aggravated sexual assault of a child under 14 years of age and was placed on 10 years' deferred adjudication community supervision and assessed a $1000 fine. Clerk's R. 126-30, 132, ECF No. 12-2. Although Petitioner filed a motion for new trial, he did not move for a final adjudication of his guilt or appeal the judgment of deferred adjudication within thirty days. *Id.* at 139-43; Resp't's Preliminary Answer 10, ECF No. 11. Therefore, the judgment became final on August 11, 2004. TEX. R. APP. P. 26.2(a)(1).

On January 4, 2005, the state filed its first motion to adjudicate Petitioner's guilt based on various alleged violations of the conditions of his community supervision. *Id.* at 144-45. Thereafter, Petitioner fled to Mexico and did not return to the United States until 2013.[1] Mem. Op. 3, ECF No. 12-9. On February 11, 2013, the state filed an amended motion to proceed to adjudication of guilt based on additional alleged violations of Petitioner's community supervision. Clerk's R. 148-49, ECF No. 12-2. Petitioner pleaded true to the violations on May 29, 2013, the trial court found the allegations to be true, adjudicated Petitioner's guilt, and assessed his punishment at 30 years' confinement in TDCJ. *Id.* at 159. Petitioner appealed the judgment adjudicating guilt, but, on May 23, 2014, the Seventh District Court of Appeals of Texas affirmed the trial court's judgment. Mem. Op. 1, ECF No. 12-9. Petitioner did not file a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals. Resp't's Preliminary Answer, Ex. A, ECF No. 11-1. Therefore, the judgment became final on Monday, June 23, 2014.[2] TEX. R. APP. P. 68.2(a).

On August 14, 2014, Petitioner filed a petition for writ of certiorari" in the Texas Court of Criminal Appeals, which denied leave to file on September 10, 2014. Pet. for Writ of Cert., ECF No. 12-22; Action Taken, ECF No. 12-14. The United States Supreme Court subsequently denied certiorari on April 20, 2015, and, on July 20, 2015, denied Petitioner's motion for rehearing. Notices, ECF No. 12-19 & 12-20. The filing of his petition for writ of certiorari in the Texas Court of Criminal Appeals did not effect the finality of the judgment adjudicating guilt. A writ of certiorari is not a substitute for a PDR. *See Ex parte Brand,* 822 S.W.2d 636, 638-39 (Tex. Crim. App. 1992).

---

[1] According to Petitioner, he left the United States on February 16, 2005, and "returned on his own recognizance on January 1, 2013." Pet'r's Reply 2, ECF No. 14.

[2] June 22, 2014, was a Sunday.

2

On December 10, 2015, Petitioner filed a postconviction state habeas-corpus application challenging the original plea proceedings and the adjudication proceedings, which was denied by the Texas Court of Criminal Appeals on September 11, 2019, without written order on the findings of the trial court.[3] Op. 2, ECF No. 12-50; SHR02[4] 2-19, ECF No. 12-66. Finally, Petitioner asserts that he filed a motion for DNA testing in the trial court on July 8, 2015, which was decided on October 7, 2015. Pet'r's Addendum 149, 175-81, ECF No. 3.

This federal petition for federal habeas relief was filed on January 31, 2020.[5] Pet. 10, ECF No. 1. Petitioner raises four grounds complaining of ineffective assistance of counsel in the original plea proceedings, the motion-for-new-trial proceedings, and the adjudication proceedings. Pet. at 6-7, ECF No. 1. Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. Resp't's Preliminary Answer 8-14, ECF No. 11.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]Typically, a state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, Petitioner's application does not state the date he placed the document in the prison mailing system.

[4]"SHR02" refers to the record of Petitioner's state habeas proceeding in WR-81,947-02.

[5]Petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  Contrary to Petitioner's contention, to the extent Petitioner's claims relate to the 2004 original plea proceedings and motion-for-new-trial proceedings, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the order of deferred adjudication became final upon expiration of the time that Petitioner had for filing a notice of appeal on August 11, 2004, triggering limitations, which expired one year later on August 11, 2005.[6] *See* TEX. R. APP. P. 26.2(a)(2); *Caldwell v. Dretke,* 429 F.3d 521, 530 (5th Cir. 2005).

  Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. The Court finds no legal support that Petitioner's petition for writ of certiorari filed in the Texas Court of Criminal Appeals operated to toll the limitations period under the statutory tolling provision in § 2244(d)(2). Such writ shall not issue where there is

---

[6]In order to perfect an appeal from the judgment deferring adjudication, Petitioner was required to file his notice of appeal within 30 days after the judgment was entered. The filing of the motion for new trial did not extend the time for filing his notice of appeal under Texas Rule of Appellate Procedure 26.2(a)(2). *See State v. Davenport,* 866 S.W.2d 767, 770 (Tex. Crim. App. 1993); *Garcia v. State,* 29 S.W.3d 899, 901 (Tex. App.–Houston [14th Dist.] 2000).

4

a right to appeal. *Ex parte Brand,* 822 S.W.2d at 639. Therefore, Petitioner's petition for a writ of certiorari was not the appropriate vehicle for collaterally challenging the judgment adjudicating guilt. *See Knorpp v. State,* 07-91-0108-CR, 1998 WL 163426, at *6-7 (Tex. App.–Amarillo Apr. 7, 1998, pet. ref'd). Nevertheless, the petition for a writ of certiorari as well as Petitioner's postconviction motion for DNA testing and state habeas application, all of which were filed years after the limitations period had expired, do not operate to toll limitations for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is time-barred as to any such claims unless equitable tolling is justified.

To the extent Petitioner's claims relate to the May 29, 2013, adjudication proceedings, the one-year limitations period began to run under subsection (A) on the date the judgment adjudicating guilt became final upon expiration of the time that Petitioner had for filing a PDR in the Texas Court of Criminal Appeals on Monday, June 23, 2014, 31 days after the court of appeals affirmed the judgment adjudicating guilt, and expired one year later on June 23, 2015, absent any tolling. *See* TEX. R. APP. P. 68.2(a) (providing a PDR "must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing . . . was overruled by the court of appeals"[7]). As noted, the Court finds no legal support that Petitioner's petition for writ of certiorari filed in the Texas Court of Criminal Appeals operated to toll the limitations period under the statutory tolling provision in § 2244(d)(2). Nor do Petitioner's postconviction motion for DNA testing and state habeas application, filed on July 8, 2015, and December 10, 2015,

---

[7]It appears that Petitioner filed two pro se motions for rehearing following the appellate court's decision, however the Court is unable to determine from the record if and when the appellate court ruled on the first motion and the second motion, which was apparently untimely, was dismissed for want of jurisdiction. Docket Sheet 2, ECF No. 12-1; Pet't's Reply 11-12, ECF No. 3.

respectively, after the limitations period had expired, operate to toll the limitations period under that provision. *Scott*, 227 F.3d at 263. Thus, the petition as to any such claims is time-barred unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petitioner has not established that rare and exceptional circumstances prevented him from timely filing his federal petition. Nor has he demonstrated that he is actually innocent of the charged offense. Although actual innocence, if proved, can overcome the statute of limitations, Petitioner's guilty plea arguably precludes any such claim. *See Roots v. Davis,* 4:17-CV-432-O, 2018 WL 6171625, at *2 (N.D. Tex. Nov. 26, 2018) (citing *McQuiggin,* 569 U.S. at 386); *United States v. Vanchaik-Molinar,* 195 Fed. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence.")). In any event, Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence." Petitioner fails

6

to establish that equitable tolling is warranted.

Absent any applicable tolling, Petitioner's federal petition was due on or before August 11, 2005, as to his claims relevant to the original plea and motion-for-new-trial proceedings, and due on or before June 23, 2015, as to his claims relevant to the adjudication proceedings. His petition filed on January 31, 2020, is therefore untimely in all respects.

### III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 13th day of May, 2020.

Reed O'Connor
UNITED STATES DISTRICT JUDGE